FRANK AVELLA, PROSECUTOR, v. CITY OF GARFIELD, A MUNICIPAL CORPORATION IN THE COUNTY OF BERGEN AND STATE OF NEW JERSEY; JOSEPH J. NOVACK, CITY CLERK; JOHN M. GABRIEL, MAYOR, CITY COUNCIL OF CITY OF GARFIELD, AND GERARD De MURO, CITY TREASURER, DEFENDANTS.

Argued May 6, 1941—Decided May 22, 1941.

Before Justices BODINE, PERSKIE and PORTER.

For the prosecutor, *Charles Bernstein* (*Louis J. Cohen,* of counsel).

For the defendants, *Henry L. Janowski* (*Richard J. Baker,* of counsel).

The opinion of the court was delivered by

PORTER, J.   A resolution of the City Council of the City of Garfield reducing the compensation of Frank Avella, prosecutor, holding the office of building inspector is challenged by this writ of *certiorari*.

Garfield is a city of about 30,000 inhabitants. One of its necessary and important offices is that of building inspector. The record does not show when the office was first established but an ordinance supplemental to the one establishing it was adopted February 24th, 1925, by the City Council. By it the salary was fixed at $2,400 per year and hours of duty were designated requiring full time for performance of the duties of the office. This office became vacant by the death of the incumbent and remained so for about a year before the prosecutor was appointed. During that time the duties were performed temporarily by various other city officers and employes. During that period an ordinance was introduced to reduce the salary from $2,400 to $1,800 per year. The City Council then consisted of eight members. The Mayor was obliged to cast his vote because of an even vote and he voted against the ordinance thus causing its defeat. The testimony is that the reasons given at the time by those voting against the ordinance was that they needed a man qualified for the work who would be required to give it his full time and such a man would be entitled to a salary of $2,400: They now say that they were then motivated by considerations of economy believing that the salary should be reduced and that the amount proposed, $1,800, was too high but that they did not conclude to what the amount should be reduced.

On January 15th, 1941, prosecutor was duly appointed to the office. He performed the duties under the terms of the ordinance then in effect and received the salary at the rate of $2,400 per year. On April 2d, 1941, the City Council adopted an ordinance, which was approved by the Mayor, amending the ordinance in question, which is before us for review. This amended ordinance fixes the compensation of the building inspector to "50% of all fees collected by him for the issuance of building permits in the City of Garfield and such other services as are enumerated in the ordinance creating the office of building inspector." It will be noted that neither the hours of service nor the duties were changed.

It is the contention of the city that the testimony shows that the financial condition of the city was such that strict economy was necessary and that the reduction of the compensation was actuated solely on that ground and further that the reduced compensation was commensurate with the duties of the office and was done in good faith in the sound exercise of its municipal power in the public welfare.

We think not. We are satisfied from the testimony that economy was not the controlling motive either in failing to pass the ordinance reducing the salary to $1,800 when there was a vacancy and no question about the power to do so or in adopting the ordinance under review drastically reducing the pay to a fee basis. At the average receipts for building permits over a period of the last four years the compensation to be paid the prosecutor would be about $6 per week. Considering the importance of the work to the city, the qualifications the incumbent must have to properly perform the duties and that his full time is required it seems perfectly apparent that the compensation is so low as to give rise to the inference that the ordinance was not amended in good faith.

It may well have been motivated by political considerations. The prosecutor is a political leader. He supported the mayor at the last election and had told him that he would not support him if he was a candidate to succeed himself. There was also a quarrel between them over an office or position in the city held by the prosecutor's brother. Such was the bad

feeling existing between them that shortly before this ordinance was adopted the two men came to blows. The testimony is that the ordinance was introduced after a conference of but a few of the members of the council with the mayor and not after a discussion of the entire group which was the usual custom. It seems fair to infer from the testimony that the mayor caused the adoption of the ordinance for political motives.

But however that may be, we think it clear that the ordinance is illegal because it violates *N. J. S. A.* 40 :171-168. That statute applies to cities of the second class. *N. J. S. A.* 40 :167-2 classifies cities of the second class as those having from 12,000 to 150,000 inhabitants. Garfield comes within that classification. The statute, 40 :171-168, *supra,* provides that inspectors of buildings in cities of the second class "shall hold office during good behaviour and shall not be removed, discharged or reduced in pay or position except for inefficiency, incapacity, conduct unbecoming an employe or other just cause," and further provides that a reasonable notice be given the accused and a hearing be had.

No charges of any kind were made against the prosecutor nor of course was any hearing given him. The clear purpose of that quoted statute was to protect public employes from removal or reduction in pay without good cause. The ordinance under review violates this and must be set aside.

Having reached this conclusion it becomes unnecessary to pass upon other reasons advanced by the prosecutor.

The ordinance is set aside, with costs.